# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:03-cr-41-DBH |
| | ) | |
| GEORGE WASHINGTON, | ) | |
| | ) | |
| DEFENDANT | ) | |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

The defendant has moved for a modification of sentence under 18 U.S.C. § 3582(c)(1)(B), on account of the Fair Sentencing Act's reduction of penalties for crack cocaine offenses. Mot. Requesting Modification of an Imposed Term of Imprisonment (Docket Item 345)[1]. But the only way this defendant can obtain a retroactive sentence reduction now is if the new crack cocaine quantity calculations, promulgated and made retroactive by the Sentencing Commission, apply to him. Unfortunately for him, they do not, and his motion accordingly is **DENIED**.

I originally sentenced this defendant in 2004 to 360 months, the bottom of the Guideline range given his status as a career offender. Upon remand for resentencing after Booker, I again sentenced him in 2006 to 360 months. In

---

[1] The defendant has filed a second Motion Requesting Modification of an Imposed Term of Imprisonment (Docket Item 346), which is identical to the first motion except for the date on the certificate of service. Because the second motion is a duplicate, there is no need for me to rule on it separately.

both instances, the career offender calculations were driven by the fact that, before trial and sentencing, the government had filed an Information charging a prior drug felony under 21 U.S.C. § 851, a conviction that the defendant affirmed on the record before I sentenced him the first time. Information Charging Prior Conviction (Docket Item 69). Given the crack quantity charged in the Indictment and found by the jury (5 or more grams), Jury Verdict Form (Docket Item 92), that previous conviction increased the statutory range to 10 years to life. 21 U.S.C. § 841(b)(1)(B), and that drove his base offense level, total offense level, and Criminal History. As I ruled in this defendant's case in 2008, the last time the crack cocaine quantity guideline was changed and made retroactive:

> The defendant's sentence was not based on Guidelines calculations of the quantity of crack cocaine, but upon the fact that he was a career offender. The relevance of the 5 grams of crack cocaine was to make him subject to a maximum term of life imprisonment under the statute because of his previous felony drug conviction. 21 U.S.C. § 841(b)(1)(B). That is what drove the Guidelines range, not the Guideline calculation for crack cocaine. Applying the new, more lenient crack cocaine Guideline simply would not affect Washington's sentence.

Order on Defendant's Motion to Reduce Sentence at 2 (Docket Item 269).

That same reasoning applies to the new Guideline calculations. It is true that under the Fair Sentencing Act, 5 grams or more of cocaine base, coupled with the prior drug felony, would no longer generate the same base offense level under the Career Offender Guideline. That is because the Career Offender Guideline is tied to the maximum statutory penalty for an offense and the Fair

Sentencing Act changed the maximum statutory penalties going forward. But those changes are not retroactive, United States v. Goncalves, 642 F.3d 245, 252 (1st Cir. 2011); United States v. Perez, 2011 WL 5403145 *3 (D. Mass. Nov. 4, 2011) ("Given that the statutory ranges themselves are not retroactive, there is no reason to infer that career offender levels calculated based on those ranges would be, at least absent some legislative enactment or guideline amendment indicating so."). Moreover, the authority Congress granted the Commission to make retroactive guideline changes does not include statutory changes, and the amendment history makes clear that the Commission did not intend to alter sentences pursuant to the Career Offender and Armed Career Criminal guidelines. See U.S. Sentencing Guidelines Manual app. C at 394, Amendment 750 ("Other offenders are sentenced pursuant to § § 4B1.1 (Career Offender) and 4B1.4 (Armed Career Criminal), which result in sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.")

Therefore the motion is **DENIED**.


**SO ORDERED.**

**DATED THIS 1ST DAY OF DECEMBER, 2011.**


 **/S/D. BROCK HORNBY**
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**